UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL STAPLETON,

        Plaintiff,                          CASE NO.:  13-cv-
                                        HON.
v.                                      MAG. JUDGE

CITY OF MELVINDALE,
OFFICER BRIAN BROWNING,
BADGE #ME037

        Defendants.

---

GREG LIEPSHUTZ  (P37573)
**LEVINE BENJAMIN, P.C.**
Attorney for Plaintiff
100 Galleria Officentre – Suite 411
Southfield, MI  48034
(248) 352-5700
(248) 352-1312 – fax
gliepshutz@yahoo.com

AUDREY J. FORBUSH  (P41744)
**PLUNKETT COONEY**
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
(810) 232-3159 – fax
aforbush@plunkettcooney.com

---

## NOTICE OF REMOVAL OF CAUSE TO THE
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

        **NOW COME** the Defendants, **CITY OF MELVINDALE and OFFICER BRIAN BROWNING**, by and through their attorneys, **PLUNKETT COONEY**, and pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446, hereby notify this Honorable Court of the removal of this action for the following reasons:

        1.      On or about March 26, 2013, Plaintiff filed a lawsuit which is now pending in the Circuit Court for the County of Wayne, State of Michigan, bearing Case No.: 13-004085-NO.

        2.      Defendant, City of Melvindale was served with the Summons and Complaint on April 3, 2013 via certified mail.

3.      Defendant, Officer Brian Browning, has not yet been served, however, defense counsel has received permission to accept service on his behalf and has so advised Plaintiff's counsel via correspondence dated April 22, 2013.

4.      The action commenced against Defendants is a civil action in which Plaintiff alleges that Defendants have violated the rights of Plaintiff provided by the United States Constitution.  Plaintiff claims violation of 42 U.S.C. § 1983, specifically that he was deprived of his right to be free from unreasonable search and seizure and excessive force, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

5.      Plaintiff seeks equitable relief as well as damages, which upon reasonable information and belief, would not exceed this Court's jurisdictional requirements.  Plaintiff brings these claims pursuant to 42 U.S.C. §1983.

6.      Pursuant to 28 U.S.C. § 1331, a federal district court has original jurisdiction over any civil action commenced to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privileges or immunities secured by the Constitution of the United States or by any act of congress providing for the equal rights of citizens or all persons within the jurisdiction of the United States.

7.      Under 28 U.S.C. § 1441(a) and § 1443, Defendants are entitled to remove this action, since the district court would have had original jurisdiction over Plaintiff's claims.  Attached to this Notice of Removal is a copy of the Summons and Complaint setting forth Plaintiff's claims for relief, as well as Defendants' Answer to Complaint, Affirmative Defenses and Reliance Upon Jury Demand.  A written Notice of the Filing of this Removal has been given to all parties as required by law and is attached hereto.

8.      A true and correct copy of this Notice of Filing Removal and Notice of Removal is filed with the Clerk of the Court of the County of Wayne, State of Michigan, as provided by law.

Respectfully submitted,

**PLUNKETT COONEY**

**2**

By */s/Audrey J. Forbush*
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

Dated:  April 24, 2013

**PROOF OF SERVICE**

STATE OF MICHIGAN          )
                                                   ) ss
COUNTY OF GENESEE       )


AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 24th day of

April, 2013, she caused to be served a copy of NOTICE OF REMOVAL OF CAUSE TO THE

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN,

SOUTHERN DIVISION, NOTICE (TO STATE COURT) OF FILING REMOVAL and PROOF OF

SERVICE, upon:

GREG LIEPSHUTZ, ESQUIRE
100 GALLERIA OFFICENTRE – SUITE 411
SOUTHFIELD, MI  48034

by enclosing same in an envelope properly addressed as above and by depositing same in a

United States mail receptacle, with postage thereon fully prepaid.


*/s/Audrey J. Forbush*
AUDREY J. FORBUSH

Subscribed and sworn to before me
this 24th day of April, 2013.

*/s/Kathaleen M. Forde*
KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires:  4/16/2012
Acting in Genesee County, Michigan
Open.20213.31061.12827165-1

**3**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MANUEL STAPLETON,

        Plaintiff,

v

CITY OF MELVINDALE,
OFFICER BRIAN BROWNING,
BADGE #ME037

        Defendants.

CASE NO.: 13-004085-NO
HON. JOHN H. GILLIS, JR.

---

| | |
|---|---|
| GREG LIEPSHUTZ  (P37573)<br>**LEVINE BENJAMIN, P.C.**<br>Attorney for Plaintiff<br>100 Galleria Officentre – Suite 411<br>Southfield, MI  48034<br>(248) 352-5700<br>(248) 352-1312 – fax<br>gliepshutz@yahoo.com | AUDREY J. FORBUSH  (P41744)<br>**PLUNKETT COONEY**<br>Attorney for Defendant, City of Melvindale<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI  48502<br>(810) 342-7014<br>(810) 232-3159 – fax<br>aforbush@plunkettcooney.com |

---

<u>NOTICE OF FILING REMOVAL and PROOF OF SERVICE</u>

TO:    CLERK OF THE COURT
       WAYNE COUNTY CIRCUIT COURT
       2 WOODWARD AVENUE – CAYMC
       DETROIT, MI  48226

       GREG LIEPSHUTZ, ESQUIRE
       100 GALLERIA OFFICENTRE – SUITE 411
       SOUTHFIELD, MI  48034

       **PLEASE TAKE NOTICE** that Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING**, have this day filed their Notice of Removal of this matter to the United States District Court, with the Office of the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division, copies of which are attached hereto.

Respectfully submitted,

**PLUNKETT COONEY**

By_____
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

Dated:  April 24, 2013

**PROOF OF SERVICE**

STATE OF MICHIGAN        )
                         ) ss
COUNTY OF GENESEE        )

AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 24th day of

April, 2013, she caused to be served a copy of NOTICE OF FILING REMOVAL and PROOF OF

SERVICE, upon:

GREG LIEPSHUTZ, ESQUIRE
100 GALLERIA OFFICENTRE – SUITE 411
SOUTHFIELD, MI  48034

by enclosing same in an envelope properly addressed as above and by depositing same in a

United States mail receptacle, with postage thereon fully prepaid.

_____
AUDREY J. FORBUSH

Subscribed and sworn to before me
this 24th day of April, 2013.

_____
KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires: 4/16/2012
Acting in Genesee County, Michigan

Open.20213.31061.12827135-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL STAPLETON,

       Plaintiff,

v.

CITY OF MELVINDALE,
OFFICER BRIAN BROWNING,
BADGE #ME037

       Defendants.

CASE NO.: 13-cv-
HON.
MAG. JUDGE
WCCC NO.: 13-004085-NO

| | |
|---|---|
| GREG LIEPSHUTZ  (P37573) | AUDREY J. FORBUSH  (P41744) |
| **LEVINE BENJAMIN, P.C.** | **PLUNKETT COONEY** |
| Attorney for Plaintiff | Attorney for Defendant, City of Melvindale |
| 100 Galleria Officentre – Suite 411 | Plaza One Financial Center |
| Southfield, MI 48034 | 111 E. Court Street – Suite 1B |
| (248) 352-5700 | Flint, MI  48502 |
| (248) 352-1312 – fax | (810) 342-7014 |
| gliepshutz@yahoo.com | (810) 232-3159 – fax |
| | aforbush@plunkettcooney.com |

**DEFENDANTS, CITY OF MELVINDALE and OFC. BRIAN BROWNING'S,
ANSWER TO PLAINTIFF'S COMPLAINT. RELIANCE UPON JURY DEMAND,
AFFIRMATIVE DEFENSES and PROOF OF SERVICE**

    **NOW COME** the Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING**,

by and through their attorneys, **PLUNKETT COONEY**, and for its Answer to Plaintiff's

Complaint, states as follows:

    1.     In response to the allegations contained in paragraph 1, Defendants are without

knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to

his proofs.

    2.     In response to the allegations contained in paragraph 2, same are admitted.

    3.     In response to the allegations contained in paragraph 3, it is admitted that at all

times pertinent to this Complaint, Defendant, Ofc. Brian Browning, was a Melvindale police

officer.  The remainder of the allegations are denied as untrue.

4.      In response to the allegations contained in paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

5.      In response to the allegations contained in paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

### BACKGROUND FACTS

6.      In response to the allegations contained in paragraph 6, same are admitted.

7.      In response to the allegations contained in paragraph 7, same are admitted.

8.      In response to the allegations contained in paragraph 8, Defendants submit that Ofc. Browning effected a lawful traffic stop upon the Plaintiff.  The remainder of the allegations are denied as untrue in the form and manner alleged.

9.      In response to the allegations contained in paragraph 9, same are denied as untrue.

10.     In response to the allegations contained in paragraph 10, same are denied as untrue.

11.     In response to the allegations contained in paragraph 11, same are denied as untrue.

12.     In response to the allegations contained in paragraph 12, same are denied as untrue.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983

13.     Defendants incorporate by reference paragraphs 1-12 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

14.     The statements contained in paragraph 14 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a

response is required, Defendants rely upon 42 USC § 1983 in its entirety.  They also deny the violation of any constitutional rights of the Plaintiff.

15.     In response to the allegations contained in paragraph 15, same are admitted.

16.     In response to the allegations contained in paragraph 16, including subparagraphs (a and b) same are denied as untrue.

17.     In response to the allegations contained in paragraph 17, same are denied as untrue.

18.     In response to the allegations contained in paragraph 18, same are denied as untrue.

19.     In response to the allegations contained in paragraph 19, same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

## COUNT II – BATTERY, GROSS NEGLIGENCE

20.     Defendants incorporate by reference paragraphs 1-19 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

21.     In response to the allegations contained in paragraph 21, same are denied as untrue.

22.     In response to the allegations contained in paragraph 22, same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     Defendants incorporate by reference paragraphs 1-22 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

24.     In response to the allegations contained in paragraph 24, same are denied as untrue.

25.     In response to the allegations contained in paragraph 25, same are denied as untrue.

26.     In response to the allegations contained in paragraph 26, same are denied as untrue.

27.     In response to the allegations contained in paragraph 27, same are denied as untrue.

28.     In response to the allegations contained in paragraph 28, same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

Respectfully submitted,

**PLUNKETT COONEY**

By *Is/Audrey J. Forbush*
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated:  April 24, 2013

**4**

## <u>DEFENDANTS' RELIANCE UPON DEMAND FOR JURY TRIAL</u>

**NOW COME** the Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING**, by and through their attorneys, **PLUNKETT COONEY**, and hereby rely upon the demand for trial by jury filed by Plaintiff in the above-entitled cause of action.

Respectfully submitted,

**PLUNKETT COONEY**

By **/s/Audrey J. Forbush**
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated:  April 24, 2013

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

**NOW COME** the Defendants, **CITY OF MELVINDALE and OFC. BRIAN BROWNING**, by and through their attorneys, **PLUNKETT COONEY**, and hereby assert the following Affirmative Defenses in the above-entitled cause of action:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff may have failed to mitigate his damages.  Defendants reserve the right to conduct discovery on this issue.

3.      The proximate cause of any and all injuries suffered by the Plaintiff was the result of the voluntary misconduct of the Plaintiff.

4.      Plaintiff's claims may be barred by the applicable statutes of limitation and/or Laches.

5.      Plaintiff's civil rights claims are barred as to the City of Melvindale for the reason that the theory of *respondeat superior* is not the basis for a viable claim under 42 USC §1983.

6.      Plaintiff's claims are barred by MCL 600.2955 and MCL 600.2955b.

<u>5</u>

7.    Defendant Browning is entitled to qualified immunity from Plaintiff's claims for alleged violations of the Constitution as his actions were objectively reasonable in light of the circumstances.

8.    At no time did Defendant Browning violate clearly established statutory or constitutional rights of Plaintiff which any reasonable person should have known.  As such, Defendant Browning is entitled to qualified immunity from Plaintiff's claims.

9.    Plaintiff cannot establish that Defendant Browning engaged in conduct which would meet the statutory definition of gross negligence as set forth in MCL 691.1407 et. seq., and therefore he cannot meet his burden of pleading facts in avoidance of individual immunity.

10.    Defendant Browning is entitled to individual immunity pursuant to MCL 691.1407 *et. seq.*

11.    The proximate cause of any and all injuries suffered by the Plaintiff was the result of Plaintiff's own contributory and/or comparative negligence and/or unlawful behavior.

12.    Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

13.    Plaintiff has failed to identify any pattern, practice or procedure of the City of Melvindale which was the moving force of any violation of the Plaintiff's constitutional rights.

14.    The City of Melvindale is immune from tort liability as to all state claims, as it was engaged in the exercise or discharge of a governmental function as defined in MCL 691.1401 *et seq.* and MCL 691.1407 *et seq.*

15.    The force utilized was reasonable under the totality of the circumstances.

16.    Plaintiff has failed to plead a valid deliberate indifference claim pursuant to the Fourteenth Amendment of the United States Constitution, for the reason that the City of

Melvindale had sufficient policies and procedures in place ensuring the City was not deliberately indifferent towards Plaintiff's constitutional rights.

17.     All claims as to intentional torts are barred by the doctrine of governmental immunity as the actions of Defendants were justified under the circumstances.   MCL 691.1407 *et seq.*

18.     Plaintiff's 42 USC § 1983 claim against the City of Melvindale is barred for the reason that there has been no official policy, custom or practice alleged in the Complaint and Plaintiff's claims are deficient.

19.     Probable cause to arrest the Plaintiff existed.

20.     Defendant Browning is entitled to governmental immunity as he acted with good faith and without malice.  See *Odom v Wayne Co,* 482 Mich 459 (2008).

21.     The right of self-defense of Defendant Browning is hereby asserted.  Defendant Browning used that force which was reasonably necessary under the circumstances.

22.     Plaintiff's claims are barred for the reason that the allegations sound in "simple negligence" and the conduct complained of is not the type contemplated under 42 USC § 1983.

23.     Plaintiff cannot maintain a separate gross negligence claim when it is based upon intentional conduct wherein Plaintiff alleges excessive force. See *VanVorous v Burmeister.*

24.     Defendants reserve the right to amend and/or raise additional affirmative defenses as they become known throughout the course of discovery.

Respectfully submitted,

**PLUNKETT COONEY**

By ***/s/Audrey J. Forbush***
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

<u>7</u>

aforbush@plunkettcooney.com

Dated:  April 24, 2013

## PROOF OF SERVICE

STATE OF MICHIGAN　　　)
　　　　　　　　　　　　　) ss
COUNTY OF GENESEE　　 )

AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 24th day of April, 2013, she caused to be served a copy of DEFENDANTS, CITY OF MELVINDALE and OFC. BRIAN BROWNING'S, ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE UPON JURY DEMAND, AFFIRMATIVE DEFENSES and PROOF OF SERVICE, upon:

GREG LIEPSHUTZ, ESQUIRE
100 GALLERIA OFFICENTRE – SUITE 411
SOUTHFIELD, MI  48034

by enclosing same in an envelope properly addressed as above and by depositing same in a United States mail receptacle, with postage thereon fully prepaid.

*/s/Audrey J. Forbush*
AUDREY J. FORBUSH

Subscribed and sworn to before me
this 24th day of April, 2013.

*/s/Kathaleen M. Forde*
KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires: 4/16/2012
Acting in Genesee County, Michigan

Open.20213.31061.12824002-1

THIRD CIRCUIT COURT

CASE NO.



## SUMMONS AND RETURN OF SERVICE

| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224- |

THIS CASE ASSIGNED TO JUDGE:

| PLAINTIFF | DEFENDANT |

PLAINTIFF'S ATTORNEY

| CASE FILING FEE | JURY FEE |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

3-26-13
Date

Signature of attorney/plaintiff

## COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/07)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MANUEL STAPLETON,

          Plaintiff,

vs.

CITY OF MELVINDALE,
OFFICER BRIAN BROWNING,
BADGE #ME037,

          Defendants.

Case No. 13-      NO
Hon.

_____/

GREG LIEPSHUTZ (P37573)
Attorney for Plaintiff
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700 Fax (248) 352-1312
gliepshutz@yahoo.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court

## COMPLAINT

NOW COMES Plaintiff, MANUEL STAPLETON, by his attorneys, GREG M. LIEPSHUTZ and LEVINE BENJAMIN, P.C., and for his Complaint against the above named Defendants states as follows:

1.    That the Plaintiff is a resident of the City of Melvindale, County of Wayne and State of Michigan.



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

2.      That Defendant, CITY OF MELVINDALE is a municipal corporation located in the County of Wayne and State of Michigan.

3.      That upon information and belief, Defendant, OFFICER BRIAN BROWNING, BADGE #ME037, is a Melvindale Police Officer and is a resident of the City of Melvindale, County of Wayne, and State of Michigan.

4.      That the incidents giving rise to this cause of action occurred within the County of Wayne, State of Michigan, thus making venue proper in this Court.

5.      That the amount in controversy in this action exceeds this Court's jurisdictional requirement as set forth in the Revised Judicature Act, as amended.

### BACKGROUND FACTS

6.      That the Plaintiff came in contact with Defendant, who at all relevant times was acting in course of his duties as a City of Melvindale Police Officer on July 16, 2011.

7.      That the contact between the Plaintiff and the Defendant occurred in the City of Melvindale.

8.      Plaintiff was confronted by Defendant, City of Melvindale, OFFICER BRIAN BROWNING, BADGE # ME037.

9.      That at the request of the Defendant Officer, Plaintiff excited his vehicle.

10.     That in the course of arresting the Plaintiff, the Defendant used a tremendous amount of grossly unreasonable and excessive force, ultimately causing the Plaintiff to suffer serious physical injuries.

11.     That the Plaintiff did not offer any physical resistance whatsoever to the arrest.



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

2

12.     That in the course of using grossly excessive and unwarranted violence in arresting the Plaintiff, the Plaintiff was assaulted and battered by the Defendant.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983

13.     Plaintiff reincorporates the previous paragraphs of this Complaint as if the same were set forth herein.

14.     That 42 U.S.C. § 1983 provides a private cause of action in favor of citizens whose federally protected rights (including rights protected by the United States Constitution and its Amendments) are violated by persons acting under color of state law.

15.     That at all pertinent times, the Defendants were acting under color of state law.

16.     That while acting under color of state law, the Defendants violated the following federally protected rights of the Plaintiff:

    a.      The Plaintiff's right to be free from excessive force in the course of an arrest or thereafter protected by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.      The Plaintiff's right to be free from unreasonable searches and seizures of his property or person in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

17.     That in the course of arresting the Plaintiff, the Defendants violated the Plaintiff's rights by using grossly excessive, unnecessary, and wanton force.

18.     That as a direct and proximate result of the Defendants violation of the Plaintiff's federally protected rights, as discussed above, Plaintiff has suffered and will continue to suffer damages, including pain and suffering, mental and emotional anguish,


Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

3

shock, humiliation, embarrassment, mortification, fear, physical and emotional injuries, partial disability, lost income, and other damages, both economic and non-economic, all of which will continue in the future, thus entitling the Plaintiff to a separate aware of future damages.

19. That the Defendants conduct was undertaken with at least a willful disregard for Plaintiff's federally protected rights, thus entitling the Plaintiff to a separate award of punitive damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter Judgment in his favor against the Defendants in whatever amount this Court finds to constitute full, fair and just compensation, together with a separate award of punitive damages, with costs, interest and attorney fees, including attorney fees permitted by 42 U.S.C. § 1988.

## COUNT II – BATTERY, GROSS NEGLIGENCE

20. That Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in Count I.

21. That the Defendant committed a battery by engaging in willful or intentional touching of the Plaintiff against Plaintiff's will, which touching was harmful and/or offensive (and grossly unreasonable and unnecessary to effectuate Plaintiff's arrest).

22. That as a direct and proximate result of the Defendant's commission of the tort of battery and gross negligence against the Plaintiff, Plaintiff has suffered and will continue to suffer damages, including pain and suffering, mental and emotional anguish, shock, humiliation, embarrassment, mortification, fear, psychiatric and/or emotional injuries, physical injuries, lost income, and other damages, both economic and non-



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

4

economic, all of which will continue in the future, thus entitling the Plaintiff to a separate award of future damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter a Judgment in his favor against the Defendants in whatever amount this Court finds to constitute full, fair, and just compensation, together with costs, interest and attorney fees where permitted by court rule, common law or statute.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. That Plaintiff re-alleges and incorporates by reference each and every allegation as set forth in Count II.

24. That the Defendant's actions vis-à-vis the Plaintiff was of the type that are outrageous and utterly intolerable in a civilized society.

25. That the Defendant knew that his actions would cause Plaintiff to suffer severe emotional distress or, alternatively, the Defendant undertook his actions with reckless disregard for whether such actions would cause Plaintiff to suffer severe emotional distress.

26. That Defendant's actions have caused Plaintiff to suffer severe and continuing emotional distress.

27. That Defendant's actions constitute the tort of intentional infliction of emotional distress.



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

28. That as a direct and proximate result of Defendant's tortuous actions, Plaintiff has and will continue to suffer damages as previously set forth.

5

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter a Judgment against the Defendants, awarding him such damages as are found to constitute full, just and fair compensation, together with costs, interest and attorney fees where permitted by court rule, common law, or statute.

Respectfully submitted,

LEVINE BENJAMIN, P.C.

GREG M. LIEPSHUTZ (P37573)
Attorneys for Plaintiff
100 Galleria Officentre, Suite 411
Southfield, MI 48034
(248) 352-5700  FAX (248) 352-1312
gliepshutz@yahoo.com

Dated: March 13, 2013



Law Firm
**Levine** Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MANUEL STAPLETON,

        Plaintiff,

vs.

CITY OF MELVINDALE,
OFFICER BRIAN BROWNING,
BADGE #ME037,

        Defendants.

Case No. 13-        NO
Hon.

_____/

GREG LIEPSHUTZ (P37573)
Attorney for Plaintiff
LEVINE  BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700 Fax (248) 352-1312
gliepshutz@yahoo.com
_____/

### DEMAND FOR JURY

**NOW COMES** Plaintiff,  MANUEL STAPLETON, by his attorneys GREG M.

LIEPSHUTZ and LEVINE BENJAMIN, P.C., and hereby demands that the above captioned

cause of action be tried before a jury.

        Respectfully submitted,

        LEVINE BENJAMIN, P.C.

        _____
        By: Greg M. Liepshutz (P37573)
        Attorneys for Plaintiff
        100 Galleria Officentre, Suite 411
        Southfield, MI  48034
        (248) 352-5700   FAX (248) 352-1312

Dated:  March 13, 2013

Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312